■ STEPHANE COSMAN CONNERY et al., Respondents, v BURTON S. SULTAN, Appellant. [42 NYS3d 160]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered April 26, 2016, which, inter alia, granted plaintiffs' motion to direct the Department of Finance to turn over to plaintiffs funds that defendant had deposited to stay the enforcement of a judgment, and denied defendant's motion pursuant to CPLR 5015 to vacate the judgment, unanimously affirmed, with costs.

Defendant's argument that the motion court lacked jurisdiction to enforce the stipulation of settlement is barred by the doctrine of law of the case (*see Jacoby & Meyers, LLP v Flomenhaft*, 137 AD3d 547 [1st Dept 2016]). In a prior appeal, this Court concluded that the court had jurisdiction (*Connery v Sultan*, 126 AD3d 525 [1st Dept 2015], *lv dismissed* 26 NY3d 991 [2015]). The documents upon which defendant now claims to rely in support of this argument do not establish the existence of a fully executed stipulation of discontinuance, and, in any event, were in defendant's possession at the time of the prior appeal.

Given that, as the motion court observed, both sides in this long and contentious litigation have pursued aggressive tactics and maintained conflicting positions, we conclude that sanctions against defendant are not appropriate. Concur—Renwick, J.P., Saxe, Gische and Webber, JJ.